# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROMEK FIGA,<br>D/B/A ABRAHAM & SON,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Romek Figa, d/b/a Abraham & Son, brings this action for patent infringement against Defendant Apple Inc., and alleges as follows:

## PARTIES

1. Plaintiff Romek Figa, d/b/a Abraham & Son ("Figa"), is a resident of the Commonwealth of Massachusetts doing business as Abraham & Son, having a place of business at 23 Briggs Lane, Hanover, Massachusetts 02339.

2. On information and belief, Defendant Apple Inc. ("Apple") is a corporation incorporated under the laws of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States Patent under 35 U.S.C. § 271. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

5.  The Court has personal jurisdiction over the Defendant, Apple Inc., under MASS. GEN. LAWS ch. 223A, § 3, including for the reason that Apple conducts business in the Commonwealth of Massachusetts; contracts with one or more residents of the Commonwealth of Massachusetts; and commits acts of patent infringement, as more fully described below, in whole or in part in the Commonwealth of Massachusetts.

**FACTUAL BACKGROUND**

6.  On May 8, 1990, United States Patent No. 4,924,496 ("the '496 patent") for "Automatic Incoming Telephone Call Originating Number and Party Display System," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").

7.  A true and accurate copy of the '496 patent is attached hereto as Exhibit A and incorporated herein.

8.  Figa is an inventor and the sole owner of all right, title, and interest in, to, and under the '496 patent and all rights of recovery thereunder.

9.  The '496 patent has not expired and is in full force and effect.

10.  Apple has made and is making, has used and is using, has offered and is offering to sell, and/or has sold and is selling telephones which infringe the '496 patent in the United States, and/or imports telephones which infringe the '496 patent into the United States.

11.  On or about May 17, 2007, Figa informed Apple that certain Apple telephones very likely infringed the '496 patent.

12.  On or about July 16, 2007, Figa informed Apple that certain Apple telephones infringed the '496 patent and offered Apple a license to the '496 patent. Apple has refused to take a license on the terms offered.

## COUNT I

### Infringement of the '496 Patent

13. Plaintiff Figa incorporates by reference paragraphs 1-13 above as though fully set out herein.

14. In violation of 35 U.S.C. § 271(a), Apple has and is actively engaged in acts of direct infringement of the '496 patent. Apple's infringement has been and continues to be willful and deliberate. Apple will continue to engage in such acts unless enjoined by this court.

15. In violation of 35 U.S.C. § 271(b), Apple has and is actively engaged in inducing infringement of the '496 patent. Apple has caused and is causing, urging, encouraging, and/or aiding, with knowledge and specific intent, others to infringe the '496 patent. Apple will continue to engage in such acts unless enjoined by this court.

16. By reason of the aforesaid infringement, Figa has been and continues to be damaged and irreparably harmed and is entitled to damages adequate to compensate for the infringement by Apple, but in no event less than a reasonable royalty for the use made of the invention by Apple together with interest and costs as provided under the terms and provisions of 35 U.S.C. § 284.

17. Figa is without an adequate remedy at law for the infringement of the '496 patent.

18. Figa is entitled to injunctive relief as provided under the terms and provisions of 35 U.S.C. § 283.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Figa respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper, against the Defendant Apple:

1. Enter judgment in favor of Figa determining that Apple directly infringes, and has directly infringed, the '496 patent in violation of 35 U.S.C. § 271(a);

2. Enter judgment in favor of Figa determining that the Apple induces the infringement of, and has induced the infringement of, the '496 patent in violation of 35 U.S.C. § 271(b);

3. Permanently enjoin Apple and its officers, agents, divisions, affiliate, subsidiaries, successors, employees, and representatives, and all those controlled by or acting in concert or privity with them, from infringing, inducing the infringement, and/or contributing to the infringement of the '496 patent;

4. Award Figa monetary damages for infringement, in an amount to be proven at trial;

5. Award Figa treble damages for willful infringement pursuant to 35 U.S.C. § 284; and

6. Award Figa prejudgment and post-judgment interest, attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Figa demands a trial by jury on all issues so triable.

Dated: February 22, 2008

Respectfully submitted,
ROMEK FIGA,
D/B/A ABRAHAM & SON
By his Attorneys,

/s/ Jack C. Schecter
Kerry L. Timbers (BBO# 552293)
Lisa M. Tittemore (BBO# 567941)
Jack C. Schecter (BBO# 652349)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
Fax: (617) 443-0004
ktimbers@bromsun.com
ltittemore@bromsun.com
jschecter@bromsun.com

03327/00501 815568.2